UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

JAYLETHA POUNDS,

    Plaintiff,

vs.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

    Defendant.
_____/

## COMPLAINT

Plaintiff JAYLETHA POUNDS, a State of Texas citizen and resident, sues Defendant CARNIVAL CORPORATION, a Panamanian Corporation doing business as CARNIVAL CRUISE LINES, and alleges:

### JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff JAYLETHA POUNDS is sui juris and is a resident and citizen of the State of Texas.

3. 3. Defendant CARNIVAL CORPORATION (CARNIVAL) is a Panamanian Corporation with its principal place of business in Miami-Dade County, Florida. For federal jurisdictional purposes, it is a citizen of Florida.

4. Subject matter jurisdiction exists based on diversity jurisdiction pursuant to 28 U.S.C. §1332, since Plaintiff is a resident and citizen of the State of Texas and the Defendant is a

citizen of Florida for purposes of 28 U.S.C. §1332 since its principal place of business is in Florida. The amount of damages claimed exceeds $75,000.00, the threshold amount for federal jurisdiction under 28 U.S.C. §1332.  The damages alleged in Paragraphs 14 and 17 below, including fractures of Plaintiff's knee, support an award of damages in excess of $75,000.00.

5. At all material times, Defendant has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that in personam jurisdiction over the Defendant exists in the United States District Court for the Southern District of Florida.

6. At all material times, the Defendant has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

7. In the operative ticket contract, the Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against the Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

8. Venue is also proper in this district because the Defendant's principal place of business is located within this district.

9. Plaintiff has complied with all conditions precedent to bringing this action.  The Plaintiff reported the accident to the ship's medical crew shortly after it occurred, and an incident report and written medical records were prepared onboard the ship.  Furthermore, the Plaintiff gave the Defendant timely written notice of her claim as required by the ticket contract by a letter of September 30, 2021.

10. At all material times, Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the "BREEZE."

11. At all material times, including the accident date of September 3, 2021, the Plaintiff was a fare paying passenger aboard the BREEZE and in that capacity was lawfully present aboard the vessel.

12. At all material times, the Defendant owed the Plaintiff, as a paying passenger lawfully aboard its cruise vessel, a duty of reasonable care for her safety.

13. On or about September 3rd, 2021 there existed a hazardous or dangerous condition aboard the BREEZE, to-wit: a raised but non-conspicuous threshold in the doorway of the balcony in Stateroom 6229, over which the Plaintiff tripped, fell and sustained serious injuries to her left knee.

14. At the time and place referred to in the preceding paragraph, the Plaintiff, while attempting to pass through the doorway described above, tripped over the raised threshold referenced in the preceding paragraph, fell, and sustained injuries including her left knee.

15. At all material times, the Defendant knew or should have known of the dangerous conditions referenced above, specifically the raised non-conspicuous threshold, but failed to take reasonable and reasonably available measures to correct the condition. The Defendant knew or should have known that the threshold was dangerous and created risk for passengers traversing it, either through prior incidents in which passengers tripped over similar thresholds on the BREEZE or other vessels operated by the Defendant, due to explicit warnings given to the Defendant, or otherwise.

16. For instance, in prior ship safety meeting minutes dating back to Carnival's vessel Freedom dated 10/23/2016, states in part:

"PREVENTING ACCIDENTS IN GUEST CABINS INFORMATION THAT SHOULD BE PASSED TO THE GUESTS BY CABIN STEWARD - The ship cabin has some features that make it different from your home- As you can see, there are thresholds/steps that may cause you to trip and fall if you are not careful (show thresholds/steps to guests: bathroom and balcony)

17. In ship safety meeting minutes dating back to Carnival's vessel Glory dated 6/30/2017 states in part that Staff Captain notes:

Cabin Accidents: We should encourage our cabin stewards to be proactive on safety by providing our guests with some basic information to prevent cabin accidents. The following subjects should be addressed at minimum: Bathroom thresholds; rapidly closing balcony doors due to wind tunnel effect while the ship is sailing; placing bunk bed ladders properly and using them appropriately; using the lights when possible and not attempt to navigate the cabin in the dark and having care when stepping off the shower as it is possible to slip or fall due to ship movement.

18. Notwithstanding Defendant' actual or constrictive knowledge of the risk thresholds posed to passengers including but not limited to references in prior safety meetings the Defendants' negligent acts or omissions consist of or more of the following:

   a. Failing to maintain the doorway and threshold in a reasonably safe condition;

   b. Failing to conduct routine inspections of the doorway and threshold to detect and correct dangerous conditions;

   c. Failure to implement policies calling for adequate inspection and maintenance of the doorway and threshold;

   d. Failing adequately to warn passengers of the dangerous condition of the threshold and doorway;

   e. Failing to correct the hazardous or dangerous condition once the Defendant obtained actual or constructive notice of it.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

19. As a direct and proximate result of one or more of the Defendant's negligent acts or omissions as specified in the preceding paragraph, the Plaintiff JAYLETHA POUNDS was injured in and about her body and extremities, sustained injuries including a left ankle fracture and left fibula fracture, suffered pain and mental anguish therefrom, incurred past and future medical and related expenses in the treatment of her injuries, sustained disability, physical impairment, lost wages and future earning capacity, and suffered shame, humiliation, and the loss of capacity to enjoy life. These damages are permanent or continuing in their nature and the Plaintiff KIMBERLY NICHOLSON will continue to sustain these damages in the future.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed, this 2nd day of September, 2022.

                              **s/NICHOLAS I. GERSON**
                              NICHOLAS I. GERSON
                              Florida Bar No. 0020899
                              ngerson@gslawusa.com
                              filing@gslawusa.com
                              mmoro@gslawusa.com
                              PHILIP M. GERSON
                              Florida Bar No. 127290
                              pgerson@gslawusa.com
                              EDWARD S. SCHWARTZ
                              Florida Bar No. 346721
                              eschwartz@gslawusa.com
                              DAVID MARKEL
                              Florida Bar No. 78306
                              dmarkel@gslawusa.com
                              GERSON & SCHWARTZ, P.A.
                              Attorneys for Plaintiff
                              1980 Coral Way
                              Miami, FL 33145-2624
                              Telephone:    (305) 371-6000
                              Facsimile:     (305) 371-5749